**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30261 |
| Plaintiff - Appellee, | DC No. 6:11 cr-60041 HO |
| v. | |
| HUSSEIN ALI MEHDI, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted March 4, 2013[**]
Portland, Oregon

Before:     TASHIMA, CLIFTON, and BEA, Circuit Judges.

Hussein Ali Mehdi pleaded guilty to three counts of mail fraud, in violation

of 18 U.S.C. §§ 1341-1342. Mehdi admitted that he caused two different class-

action claims administrators to issue him a total of three checks as payouts from

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

various class action settlement funds. He appeals the district court's imposition of a four-level sentencing enhancement based on the number of victims, and a two-level enhancement for the use of sophisticated means. *See* U.S.S.G. §§ 2B1.1(b)(2), (b)(9)(C) (2010). The district court's factual findings in support of Mehdi's sentencing enhancements are subject to clear-error review. *See United States v. Zolp*, 479 F.3d 715, 718 (9th Cir. 2007). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm the sentence.

1.      Sufficient evidence supports the number-of-victims enhancement. The government produced evidence that just one of Mehdi's false class action claims caused 1,974 other claimants to receive reduced awards. That evidence permits the reasonable inference that Mehdi's three mail fraud offenses involved a total of at least fifty victims, the minimum necessary for a four-level enhancement under U.S.S.G. § 2B1.1(b)(2).

2.      The sophisticated-means enhancement is also supported by sufficient evidence. In his own sentencing memorandum, Mehdi admitted that his offenses involved the use of multiple names, addresses, and bank accounts; addresses in multiple states; and one foreign bank account. From those admissions, the district court could reasonably infer that Mehdi executed his offenses in a manner "sufficiently more complex" than "routine" mail fraud. *United States v. Aragbaye*,

234 F.3d 1101, 1108 (9th Cir. 2000) (internal quotation marks omitted), *superseded by statute on other grounds as recognized by United States v. McEnry*, 659 F.3d 893, 899 n.8 (9th Cir. 2011); *see* U.S.S.G. §2B1.1 cmt. n.8(B) ("sophisticated means" includes "especially complex or especially intricate offense conduct pertaining to the execution . . . of an offense").  Moreover, Mehdi's use of addresses and bank accounts in multiple jurisdictions is the sort of conduct anticipated by this enhancement.  *See id.*

**AFFIRMED.**